UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Derek Joseph Parker, ) | |
|     Petitioner, ) | |
| ) | |
| ) | No. 24 CV 50095 |
| v. ) | Judge Iain D. Johnston |
| ) | |
| Warden Brian Lammer, ) | |
|     Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

    While serving a 240-month sentence for possessing heroin with intent to distribute, Petitioner Derek Parker was accused of possessing a prohibited object at FCI Thomson, in violation of disciplinary code 113. *See United States v. Parker*, No. 17 CR 253, Dkt. 36 (W.D.N.C. April 20, 2018); Dkt. 1. Mr. Parker now petitions for a writ of habeas corpus, removing the disciplinary violation and restoring his good time credits towards his underlying sentence, under 28 U.S.C. § 2241. That motion is denied for the following reasons.

    To briefly summarize the relevant facts for this opinion, correctional officers discovered strips of suboxone hidden in Mr. Parker's cell locker in August 2023, and the Bureau of Prison ("BOP") held a disciplinary hearing the next week. *Id.* at 8. Mr. Parker does not argue that BOP neglected any procedural safeguards. In fact, at the disciplinary hearing, Mr. Parker argued and presented evidence that his cellmate Larry Fuller was solely responsible for the locker's contents. *Id.* at 10. Although Mr. Fuller corroborated this story by appearing telephonically at the disciplinary hearing, BOP employees found Mr. Fuller's testimony unbelievable: "This inmate witness was your cellmate," a disciplinary hearing officer ("DHO") wrote in a report explaining the conviction, "therefore, his statement is not reliable based upon a presumption of possible retaliation . . . ." *Id.* at 8.

    In addition to the inmates' statements, the DHO considered photographs of the contraband, SENTRY reports explaining which lockers are assigned to each inmate, and memoranda and incident reports prepared by medication technicians (confirming the substance was suboxone) and correctional officers (confirming that locker was Mr. Parker's). Dkt. 8 at 4. According to the DHO's written statement, this evidence proved that Mr. Parker more likely than not possessed contraband while incarcerated at FCI Thomson. *See* Dkt. 1 at 8. BOP revoked 41 days of good-time credit accordingly. *Id.* at 1.

    Mr. Parker now petitions for a writ of habeas corpus under 28 U.S.C. § 2241, contending that the BOP violated his Fifth Amendment rights to due process by relying on insufficient

1

evidence. Aside from a few factual disputes,[1] Mr. Parker primarily argues that the disciplinary hearing testimony proves the suboxone belonged to his cellmate, Mr. Fuller. In addition to maintaining his innocence, Mr. Parker believes that the DHO acted arbitrarily and irrationally because he undervalued both inmates' testimony. As a matter of law, however, neither argument is viable.

Although prisoners have due process rights in prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, a decision made in a prison disciplinary proceeding need only be supported by "some evidence in the record." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Courts frequently describe this standard as "a meager threshold," *id.*, demanding "no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The evidence against Mr. Parker crosses that low threshold. Photographs, memoranda, incident reports, and SENTRY records all confirm that correctional officers discovered narcotics in Mr. Parker's assigned locker. Based on that evidence, the DHO understandably concluded that Mr. Parker knowingly stored suboxone in his locker. The decision was not—as Mr. Parker suggests in his Reply—arbitrary or irrational. *See* dkt. 9. In fact, Mr. Parker notes in his own motion that all inmates are responsible for the contents of their lockers under BOP policy. Dkt. 1 at 2.

Because there is "some evidence" that Mr. Parker possessed contraband at Thomson, the Court may not consider "the comparative weight of the evidence underlying the disciplinary board's decision." *Webb*, 224 F.3d at 652; *Scruggs*, 485 F.3d at 941 (once an inmate crosses the "some evidence" threshold, "our inquiry ends and we will not reverse the disciplinary board's decision."). Although Mr. Parker provides the Court with several reasons that, in his opinion, the DHO ought to have considered Mr. Fuller's testimony more carefully, the Court's inquiry is limited to whether any record evidence supports the disciplinary decision. *See Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). And it does, for the reasons already given.

In short, Mr. Parker's motion [1] is denied because there is "some evidence" to support his conviction on the one hand and, on the other, no evidence of adjudicator bias.

Entered: May 20, 2025By:  
Iain D. Johnston  
U.S. District Judge

---

[1] Mr. Parker claims that the Government's Response contains factual errors, such as the allegation that he waived his right to call witnesses and the name of the investigating officer (allegedly Lieutenant Brewer, not Lieutenant Kowalski). These facts don't change the Court's analysis either way. Mr. Parker did, in fact, call witnesses at his disciplinary hearing, and the Court reviews the entire investigatory record in this case, not Mr. Parker's interactions with any one staff member.